PER CURIAM.
Appellant was convicted of trafficking in cocaine and assigns prosecutorial misconduct as error on appeal. We affirm.
For the transaction which led to appellant’s arrest, a police officer and an informant had waited for appellant at a restaurant. On deposition, the testimony of the *297 police officer and the informant differed as to where the police officer was at the time appellant arrived. During the lunch break on the first day of trial, the assistant state attorney met with the police officer and the informant together and discussed the inconsistency in their testimony. This discussion was brought out on cross-examination of the informant when trial resumed.
The prosecutor’s discussion with the police officer and informant was clearly a violation of the witness sequestration rule that had been invoked at the commencement of trial. See Zamora v. State, 361 So.2d 776 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 472 (Fla.1979). The discussion, however, or the inconsistent testimony concerned, did not constitute a discovery violation. See Bush v. State, 461 So.2d 936 (Fla.1984), cert. denied, 475 U.S. 1031, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986).
Although the witness sequestration rule was violated, there was no reversible error. The foregoing facts were brought out before, and argued to, the jury. Cf. Bush, 461 So.2d at 938 (“When testimonial discrepancies appear, the witness’ trial and deposition testimony can be laid side-by-side for the jury to consider. This would serve to discredit the witness and should be favorable to the defense.”). Although not required by the violation at issue, id. at 938, the trial court conducted a Richardson hearing, Richardson v. State, 246 So.2d 771 (Fla.1971), and found that the prosecutor’s misconduct was harmless. We find no abuse of discretion. See Cooper v. State, 336 So.2d 1133 (Fla.1976), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977).
Affirmed.